# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN JEROME FRENCH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>S. YOUNG,<br><br>　　　　Respondent. | Case No. 1:19-cv-01306-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Petitioner Darin Jerome French is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Petitioner asserts that he is entitled to release to home confinement or a halfway house pursuant to the changes enacted under the First Step Act.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id. The Federal Bureau of Prisons ("BOP") Administrative Remedy Program is set forth at 28 C.F.R. § 542.10 *et seq*.

Here, it appears that Petitioner has failed to take any action to complete the BOP's Administrative Remedy Program. The petition states that Petitioner "has overstayed his release date by months and months, and exhaustion does not provide a remedy (illusory)." (ECF No. 1 at 5). However, the fact that Petitioner believes he should have been released earlier based on changes enacted under the First Step Act does not establish that pursuing administrative relief would be futile. Petitioner does not demonstrate that an official policy of the BOP would deny him the benefits of the changes enacted under the First Step Act. See Ward, 678 F.3d at 1046 ("Because of the existence of official BOP policy . . . exhaustion would be futile[.]")

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust administrative remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **October 10, 2019**

/s/ *Erin P. Gibson*
UNITED STATES MAGISTRATE JUDGE